# CIRCUIT COURT OF BALTIMORE CITY

Filed January 31, 1894.

WILLIAM J. HISS ET. AL.
VS.
ANNIE A. HISS (PETITION OF JOHN R. KELSO).

*James W. Denny* for petitioner.
*Thos. W. Brundige* for respondent.

DENNIS, J.—

I think the petitioner has failed to prove either that the lien of the assessment on the McCulloh street property is invalid or has been paid, or that it was agreed by the Coleman heirs or their trustees that it should be paid out of the general income coming to them under their grandfather's will, or that it should be paid by them in any other way, or that the trustees of Philip Hiss' estate agreed to look to this income or to any other source than the McCulloh street property itself for the assessment charged against it in the case of Long vs. Long.

The petitioner bought the property at the mortgage sale, with at least constructive notice of this assessment, and the property is bound for it; and in the absence of an agreement on the part of the Coleman heirs, I cannot see upon what principle he can resort to the fund now in Court—derived from their grandfather, and in the hands of the trustees appointed under his will—for reimbursement.

If there was satisfactory proof that the heirs had agreed, prior to the sale, that this assessment should be paid out of the general income coming to them under their grandfather's will, then the doctrine of subrogation might be invoked, and the petitioner having failed the assessment might be reimbursed from this fund. But the evidence falls short of establishing any

such agreement express or implied; and I know of no equitable principle which, under the circumstances of this case, can, in the absence of such agreement, support the application of the doctrine of subrogation. The petitioner bought the property with full knowledge of all the incumbrances; he knew that, under the decision in Long vs. Long, this property was liable for its proportionate assessment; and if he did not take care to protect himself against the charge upon the property he was buying by a sufficient agreement with the other parties in interest, or otherwise, he must bear the consequences of his own improvidence.

Nor, do I think the petitioner can resort to the fund now in court to make good the deficiency found due by the creditors' account upon the sale of the McCulloh street property. The time it was mortgaged that property was owned by Wm. W. Coleman for life, with remainder to these children, and it came to them from their mother; there was no personal decree against them, or even against the trustee appointed to make the mortgage, nor has the petitioner ever obtained a judgment against them; and I do not see upon what principle a lien for the deficiency thus found to be due on a sale of property belonging to them and another can be set up against a fund belonging to them alone, and wholly created from other property.

The petition will, therefore, be dismissed with costs.